**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-25898-BLOOM**

OLGER LEAL PEREZ,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security (DHS); DAVE J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement (ICE); JHON A. CONDON, Acting Executive Associate Director, Homeland Security Investigations (HSI); MARCOS CHARLES, Acting Executive Associate Director, Enforcement and Removal Operations (ERO); GARETT RIPPA, ICE ERO Miami Field Office; CHARLES PARRA, Assistant Field Office Director, Krome North Service Processing Center; and DAREN K. MARGOLIN, Acting Director, Executive Office for Immigration Review,

Respondents.
_______________________________________/

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court upon Petitioner Olger Leal Perez's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. ECF No. [1]. Petitioner alleges that he has been unlawfully detained in Immigration and Customs Enforcement ("ICE") custody. *Id.* Petitioner states Respondents did not identify the statutory authority governing his detention, and he was not afforded a custody redetermination interview. *Id.* Petitioner seeks relief that includes a declaration that Petitioner is detained under 8 U.S.C. § 1226(a), not § 1225(b), and, as such, Petitioner should be released immediately or should be released if Respondents do not provide a bond hearing within seven days of a court order. *Id.* at 32. Respondents respond that the Petition should be dismissed for failing to exhaust available administrative remedies because

Petitioner did not request a bond redetermination hearing. ECF No. [5]. Respondents acknowledge that the Eleventh Circuit's decision in *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, 175 F.4th 1258 (11th Cir. 2026), is binding and requesting a bond hearing from an Immigration Judge and pursuing appeal would not be futile. *Id.* In Reply, Petitioner states that Respondents acknowledge that Petitioner's detention is governed by § 1226(a), and he is thus entitled to a bond hearing. ECF No. [7]. Petitioner indicated in his Reply that his counsel is preparing his request for custody redetermination pursuant to § 1226(a). ECF No. [7].[1]

Based on Respondents' acknowledgement that *Hernandez Alvarez* is binding and Petitioner may receive a bond hearing, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus, **ECF No. [1]**, is **GRANTED, in part** and **DENIED in part**.
2. If Respondents have not yet provided Petitioner with a bond hearing, within seven (7) days of the date of this Order, Respondents must either: (1) provide Petitioner with a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a), at which the Government shall bear the burden of justifying his continued detention by clear and convincing evidence of dangerousness or risk of flight; or (2) release Petitioner from custody, under reasonable conditions of supervision.
3. Respondents must, within 24 hours of the bond hearing, file a status report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.

---

[1] On August 28, 2026, the Court issued its Order to Show Cause, which ordered Respondents not to transfer Petitioner outside the Southern District of Florida. ECF No. [3]. Respondents filed a Notice of Petitioner's Transfer, indicating that on August 28, 2026, at 7:30 p.m., Petitioner was transferred to Alexandria Staging Center—GEO in Alexandria, Louisiana, and Respondents are arranging for Petitioner to be immediately returned to this District. ECF No. [4]. Respondents notified the Court that Petitioner was returned to this District on September 4, 2026. ECF No. [6].

4. If Respondents have already provided Petitioner with a bond hearing, **by October 20, 2026**, Respondents shall file a status report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.
5. Petitioner may separately file a request for attorneys' fees and costs under the Equal Access to Justice Act (EAJA).
6. The Clerk of Court shall **CLOSE** this case.
7. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 16, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record